**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

WILLIAM ZHANG, individually and on
behalf of all others similarly situated,

               Plaintiff,

      v.

BPROTOCOL FOUNDATION, EYAL
HERTZOG, YEHUDA LEVI, GUY
BENARTZI, and GALIA
BENARTZI,

               Defendants.

Case No. 1:20-cv-02810-AKH

Honorable Alvin K. Hellerstein

**TIMOTHY C. HOLSWORTH'S MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF
SELECTION OF ROCHE CYRULNIK FREEDMAN LLP
AND SELENDY & GAY PLLC AS CO- LEAD COUNSEL**

## **Table of Contents**

INTRODUCTION ............................................................................................................1

SUMMARY OF ACTION...............................................................................................2

PROCEDURAL BACKGROUND...................................................................................3

ARGUMENT ..................................................................................................................3

     A.     Holsworth Should Be Appointed Lead Plaintiff........................................3

          1.     Holsworth Has Timely Filed a Motion to Be Appointed Lead Plaintiff ........................................................................................4

          2.     Holsworth Possesses the Largest Financial Interest ....................5

          3.     Holsworth Satisfies the Requirements of Rule 23 ......................6

               a.     *Holsworth's Claims Are Typical*....................................6

               b.     *Holsworth Is An Adequate Lead Plaintiff* .......................7

     B.     RCF and S&G Should Be Approved as Co-Lead Counsel.....................8

CONCLUSION................................................................................................................11

Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §77z-1(a)(3)(B)(i), Timothy C. Holsworth ("Holsworth") respectfully submits this memorandum of law in support of his motion for appointment as lead plaintiff and approval of the selection of Roche Cyrulnik Freedman LLP ("RCF") and Selendy & Gay PLLC ("S&G," and together, "Counsel") as co- lead counsel ("Motion").

## INTRODUCTION

This case is a securities class action seeking to recover damages caused by Defendants' sales of BNT tokens, which are unregistered securities. The named plaintiff brought this action, which is the first filed complaint concerning this subject matter, on behalf of a proposed class ("Class") consisting of all persons who purchased BNT tokens from June 12, 2017 to April 3, 2020 (the "Class Period").

The PSLRA directs the Court to appoint as lead plaintiff the class member the Court "determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §77z-1(a)(3)(B)(i). Under the applicable standards, Holsworth is the "most adequate plaintiff" to represent the Class. *See* 15 U.S.C. §77z-1(a)(3)(B)(iii).

Holsworth timely filed the Motion, has a substantial financial interest in this action, and satisfies the typicality and adequacy factors under Rule 23 of the Federal Rules of Civil Procedure. Holsworth will fairly and adequately protect the Class's interests by prosecuting this litigation and seeking the fullest recovery for the Class, and is not subject to unique defenses that would render him incapable of serving as the lead plaintiff. Holsworth has also selected qualified, experienced counsel—RCF and S&G—who will provide Holsworth and the Class the highest caliber representation against these sophisticated defendants. For these reasons, Holsworth respectfully

requests that the Court: (a) appoint Holsworth as lead plaintiff; and (b) approve Holsworth's selection of RCF and S&G as co-lead counsel.

## SUMMARY OF ACTION

Defendant BProtocol Foundation ("Bancor") is a blockchain-focused software development company. Compl. ¶ 14. Defendant Eyal Hertzog ("Hertzog") is Bancor's co-founder, Defendant Yehuda Levi ("Levi") is Bancor's Chief Technology Officer, Defendant Guy Benartzi ("Benartzi") is Bancor's co-founder, and Defendant Galia Benartzi ("Galia," together with Bancor, Hertzog, Levi, and Benartzi, "Defendants") is Bancor's co-founder. *Id.* ¶¶ *14-18.* Since at least June 12, 2017, Defendants have been promoting, offering, and selling an unregistered security called the BNT token. Compl. ¶¶ 1, 53-60. Defendants issued a "whitepaper" to investors that described in highly technical terms the supposed utility to which the BNT tokens would be placed. *Id.* ¶ 5. The whitepaper explicitly stated that the BNT tokens—which are a form of digital assets marketed to investors—omitted the disclosures that securities laws and the SEC have long deemed essential to investor protections in initial public offerings. *Id.*

Defendants promised "a unique allocation model," where "50 percent of BNT will be issued to the contributors in the fundraiser"—*i.e.* investors—"20 percent allocated to partnerships, community grants and public bounties, 20 percent to the foundation's long term-operating budget, [and] 10 percent to founders, team members, advisors, and early contributors." *Id.* ¶53. Defendants issued nearly 80 million BNT tokens via an initial coin offering ("ICO") on June 12, 2017 ("Offering Period"). *Id.* ¶56. Through the ICO alone, Defendants raised $153 million in proceeds. *Id.* ¶ 55. BNT tokens were then listed, promoted, and sold on various crypto-asset exchanges. *Id.* ¶74. BNT tokens have since fallen precipitously in price and are trading at approximately four percent of their 2018 high. *Id.* ¶ 99.

Although Defendants described BNT tokens as something other than securities, they were in fact securities. This was not clear to a reasonable investor at purchase, however, and would not have been reasonably apparent until, at the earliest, April 3, 2019, when the SEC released a detailed "Framework" to analyze digital assets, indicating that BNT and other similar digital tokens are "investment contracts" and therefore securities under Section 2 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77b.

Defendants have never registered BNT tokens as required under Section 5 of the Securities Act and N.J. Stat. Ann. §49:3-71. *Id.* ¶¶ 61-97. Accordingly, Defendants are liable to Holsworth and the Class, all of whom purchased the unregistered BNT tokens. *Id.* ¶¶ 98-100.

## PROCEDURAL BACKGROUND

On April 3, 2020, William Zhang ("Zhang") through his Counsel, filed the Complaint against Defendants, which was the first complaint alleging the claims described therein. On April 8, 2020, Counsel published the requisite PSLRA notice through Business News Wire. Declaration of Kyle Roche ("Roche Declaration"), Exhibit C (PSLRA Notice). On May 22, 2020 the service documents were transmitted to the Swiss Central Authority in Zug, Switzerland. On June 3, 2020 service papers for Hertzog, Levi, Benartzi, and Galia were transmitted to process servers.

In response to the publication of the PSRLA notice, Holsworth reached out to Counsel for the purposes of serving as a lead plaintiff in this action. On June 8, 2020, Holwsorth timely filed this Motion seeking appointment as lead plaintiff and approval of RCF and S&G as co-lead counsel.

## ARGUMENT

### A.  Holsworth Should Be Appointed Lead Plaintiff

The PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §77z-1(a)(3)(B)(iii). Accordingly, "[i]f a movant satisfies the three statutory factors—making a timely motion, demonstrating the largest financial interest, and otherwise satisfying Rule 23—then the court shall adopt a presumption that the movant is the most adequate plaintiff." *Salinger v. Sarepta Therapeutics, Inc.*, 19-CV-8122 (VSB), 2019 WL 6873807, at *3 (S.D.N.Y. Dec. 17, 2019) (Broderick, J.) (internal quotations omitted). "[O]ther members of the purported class may try to rebut the statutory presumption by showing that the presumptive lead plaintiff will not fairly and adequately protect the interests of the class or is incapable of adequately representing the class because of 'unique defenses.'" *Id.* (internal quotations omitted).

Holsworth, as shown below, meets each requirement. Holsworth timely moved for leave to be appointed lead plaintiff, has the largest financial interest, and satisfies the applicable Rule 23 factors.

### 1.      Holsworth Has Timely Filed a Motion to Be Appointed Lead Plaintiff

To satisfy the first requirement, a movant for lead plaintiff must file the motion within 60 days of the publication of the PSLRA notice. *Balestra v. ATBCOIN LLC*, 380 F. Supp. 3d 340, 361 (S.D.N.Y. 2019) (Broderick, J.) ("Plaintiff filed his motion for appointment as lead plaintiff on Monday, March 12, 2018, (Doc. 22), satisfying the requirement that such motion be filed within sixty days of publication of the notice of pendency of the action. Therefore, Plaintiff timely filed his motion under the PSLRA." (citing 15 U.S.C. § 77z–1(a)(3)(A)(i)(II))).

4

The PSLRA notice was published on April 8, 2020, specifying that the deadline to move for lead plaintiff would be June 8, 2020. *See* Roche Decl., Ex. C. Having filed this Motion on June 8, 2020, Holsworth has timely met the deadline.

### 2.     Holsworth Possesses the Largest Financial Interest

The PSLRA does not specify a method for calculating who has the "largest financial interest," but courts in this district commonly look to four factors in making this determination: "(1) the number of shares purchased; (2) the number of net shares purchased; (3) total net funds expended by the plaintiff during the class period; and (4) the approximate losses suffered by the plaintiff." *Rhode Island Laborers' Pension Fund v. FedEx Corp.*, 19-CV-5990 (RA), 2019 WL 5287997, at *1 (S.D.N.Y. Oct. 18, 2019) (Abrams, J.). "The fourth factor, the largest loss, is considered by most courts to be the "critical ingredient in determining the largest financial interest and outweighs net shares purchased and ne[t] expenditures." *Id.* (internal quotation omitted).

Each factor reveals Holsworth has an extensive financial interest in this litigation. *First*, Holsworth purchased 587.000 BNT tokens during the Class Period. Roche Decl., Exhibit A (Holsworth Certification), Exhibit D (Holsworth chart of estimated losses). *Second*, because Holsworth sold zero BNT tokens during the Class Period, his net purchase of BNT tokens was 587.000. *Id*. *Third*, Holsworth expended $212.05  for his purchase of 587 BNT tokens. *Id*. Finally, Holsworth suffered damages of approximately $212.05. *Id.*

Holsworth is unaware of any lead plaintiff movant with a greater loss. *See ATBCOIN LLC*, 380 F. Supp. 3d at 361 (appointing lead plaintiff who "had incurred losses of approximately $1,422.99 in connection with his purchase of ATB Coins during the Class Period . . . has the largest financial interest of any class member seeking appointment as lead plaintiff, and . . . is aware of no other class member with a larger financial interest").

5

### 3.      Holsworth Satisfies the Requirements of Rule 23

"In making the determination of whether a movant otherwise satisfies the requirements of Rule 23, the movant must make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23." *Sarepta Therapeutics*, 2019 WL 6873807, at *3 (internal quotations omitted). "This determination need not be as complete as would a similar determination for the purpose of class certification, and the movant is only required to make a prima facie showing that it meets the typicality and adequacy requirements." *Id.* (internal quotations and citations omitted).

#### a.      *Holsworth's Claims Are Typical*

For the typicality analysis "courts consider whether the claims of the proposed lead plaintiff arise from the same conduct from which the other class members' claims and injuries arise." *Id.* A lead plaintiff's claims are typical where they "arise[ ] from the same course of events as those of other class members and [the lead plaintiff] will make[ ] similar legal arguments to prove the defendant[s'] liability." *Kux-Kardos v. VimpelCom, Ltd.*, 151 F. Supp. 3d 471, 477 (S.D.N.Y. 2016) (Carter, J.). "While the claims need not be identical, the claims of the proposed lead plaintiff must be substantially similar to the other members' claims." *ATBCOIN*, 380 F. Supp. 3d at 362; *Batter v. Hecla Mining Co.,* 19-CV-05719 (ALC), 2020 WL 1444934, at *4 (S.D.N.Y. Mar. 25, 2020) (Carter, J.) ("The Glucks claims are typical of the other putative class members. The Family purchased shares of Hecla securities at prices inflated by Defendants' false and misleading statements and suffered damages as a result.").

Holsworth satisfies this requirement. Like every member of the Class, Holsworth possesses claims against Defendants under Sections 5, 12(a)(1), and 15 of the Securities Act (Counts I and II). Specifically, he purchased BNT tokens during the Class Period, and those BNT tokens were offered by Defendants without registering as required under federal and state

securities laws. Compl. ¶¶ 51-99. Because of that conduct, Holsworth, like every member of the Class, is entitled to recover the consideration paid for BNT tokens or damages for BNT tokens previously sold. *Id.* ¶¶ 98-99. Thus, Holsworth's claims are typical of those of the Class.

### b.     *Holsworth Is An Adequate Lead Plaintiff*

"In considering the adequacy of a proposed lead plaintiff, a court must consider whether the proposed lead plaintiff: (1) maintains claims that conflict with those of the class; (2) has sufficient interest in the outcome of the case; and (3) has selected counsel that is qualified, experienced, and generally able to conduct the litigation in question." *Sarepta Therapeutics*, 2019 WL 6873807, at *3; *Stitt v. On Deck Capital, Inc.*, 15 CIV. 6126 (AT), 2016 WL 889535, at *2 (S.D.N.Y. Feb. 17, 2016) (Torres, J.) ("[A] lead plaintiff need only show that he meets . . . the adequacy requirement, meaning he can fairly and adequately represent the interests of the class, his interests are not antagonistic to those of the class, and he has retained capable counsel who is qualified to pursue the litigation." (internal quotations omitted)).

Each factor confirms Holsworth's adequacy. *First*, Holsworth has no conflict with the Class. He purchased the BNT tokens that Defendants offered without registering under the applicable securities laws. Members of the Class have identical claims based on purchases of the same BNT tokens. Therefore, Holsworth's interests are directly aligned with, and not antagonistic to, those of the Class.

*Second*, Holsworth has a sufficient interest in the case's outcome. Holsworth has suffered approximately $212.05 in damages caused by Defendants' offers and/or sales of BNT tokens. Roche Decl., Ex. C. Because of his substantial losses, he is motivated to maximize the Class's recovery.

Finally, Holsworth has chosen co-lead counsel who are qualified, experienced, and able to conduct this litigation efficiently and effectively. As addressed more fully below, Counsel are ready, willing, and able to provide the Class with stellar legal representation.

In sum, Holsworth has the incentive, willingness, and ability to prosecute the claims in the interests of the Class. Thus, he has demonstrated his adequacy under Rule 23. *See Jakobsen v. Aphria, Inc.*, 18 CIV. 11376 (GBD), 2019 WL 1522598, at *5 (S.D.N.Y. Mar. 27, 2019) (Daniels, J.) ("It also appears that [the movant] will fairly and adequately represent the proposed class because he has selected qualified and experienced counsel, there is no known conflict between him and the other putative members of the class, and his significant financial losses ensure that he will vigorously prosecute this case.").

### B. RCF and S&G Should Be Approved as Co-Lead Counsel

"The PSLRA vests authority in the lead plaintiff to select lead counsel, subject to approval by the Court." *Hecla Mining*, 2020 WL 1444934, at *9 (internal citation and quotations omitted). Courts approve the selection of counsel who are "qualified, experienced, and generally able to conduct the litigation." *VimpelCom,* 151 F. Supp. 3d at 479 (approving firm that "appears to be competent and experienced counsel, based on its past experience in securities fraud class actions").

RCF and S&G are qualified, experienced, and capable of effectively prosecuting this class action on behalf of Holsworth and the Class.[1] Before filing this action, RCF and S&G "devoted substantial time and resources working . . . in identifying and investigating the claims set forth in the complaint." *In re Facebook, Inc., IPO Sec & Derivative Litig.*, 288 F.R.D. 26, 40 (S.D.N.Y. 2012) (recognizing import of counsel's pre-suit work in appointing lead counsel); *see also Janbay*

---

[1]   A description of RCF's qualifications is set forth at Exhibit B to the accompanying Roche Declaration. A description of S&G's qualifications is set forth at Exhibit A to the accompanying Declaration of Jordan A. Goldstein.

*v. Canadian Solar, Inc.*, 272 F.R.D. 112, 121 (S.D.N.Y. 2010) (same).  Counsel engaged in an extensive pre-suit investigation into the claims which included speaking with dozens of crypto-asset experts and industry insiders to understand the unique mechanics of the Defendants' unregistered offering and retaining experts to assist with data analysis. This six-month investigation culminated on April 3, 2020 when Counsel filed eleven class actions, including the case at bar, which all asserted federal and state securities claims arising from the sale of unregistered securities that were first offered through ERC-20 based ICOs. Counsel has also demonstrated leadership by taking all reasonable steps to serve all Defendants in this action.

Collectively, Counsel has unparalleled experience litigating matters relating to crypto-assets. RCF represents the plaintiff in one of the largest litigations relating to crypto-assets in the United States. *Kleiman v. Wright*, No. 9:18-CV-80176-BB (S.D. Fla.) (litigation concerning the rightful ownership of billions of dollars' worth of bitcoin and bitcoin-related intellectual property rights). Mr. Roche, a lead attorney from RCF, is a recognized thought leader in the industry. He has published multiple articles on the intersection of crypto-assets and law (*see e.g.*, Bitcoin: Order without Law in the Digital Age, 94 INDIANA L.J. 1497 (2019); *Why Bitcoin is Booming*, WALL ST. J. (July 10, 2017)) and is a frequent speaker and lecturer on the topic, having guest-lectured a course at the Northwestern Pritzker School of Law. Although RCF is a relatively new firm, its attorneys possess decades of experience litigating complex matters, including class actions.

S&G has even more collective experience in cases involving complex financial transactions and class actions. S&G's attorneys have litigated the entire spectrum of complex financial matters—from residential mortgage-backed securities to reinsurance contracts to credit default swaps—securing trial and appellate victories and numerous favorable settlements for their clients. For example, S&G's attorneys have served as class counsel in several high-profile actions,

including representing a class of public servants in an action against loan servicer Navient, *Hyland v. Navient Corporation*, No. 1:18-cv-9031-DLC (S.D.N.Y.); and representing the American Federation of Teachers and other investors in a class action against Goldman Sachs, Merrill Lynch, Barclays, Citigroup, and others alleging collusive violations of the Sherman Act arising out of the $13 trillion U.S. Treasuries market, *In re: Treasury Securities Auction Antitrust Litigation*, No. 1:15-md-02673-PGG (S.D.N.Y.). In the last decade, S&G lawyers have recovered tens of billions of dollars for clients.

On June 4, 2020, RCF and S&G were appointed as interim class counsel in a parallel action filed against the BitMEX crypto-asset exchange in this District. *See Messieh, et al. v. HDR Global Trading Limited, et al.,* No. 20-cv-3232-ALC, ECF No. 32 (S.D.N.Y. Jun. 4, 2020). That action brings claims arising from the sale of future contracts on digital assets and alleges violations of the Commodity Exchange Act.

In addition, earlier this year, RCF and S&G were appointed as interim class counsel (along with a third law firm) in another large crypto-asset class action in this District. *See Leibowitz v. Ifinex Inc.*, No. 1:19-cv-09236-KPF (S.D.N.Y.). In that litigation, RCF and S&G represent the plaintiffs in alleging that Bitfinex, a prominent crypto-asset exchange, and Tether, a prominent crypto-asset issuer, engaged in market manipulation in violation of various federal and state laws.

Accordingly, Holsworth respectfully submits that Counsel is uniquely qualified to act as lead counsel in this litigation and will provide the Class with the highest caliber of representation. The Court's selection of RCF and S&G as co-lead counsel in this litigation will provide the added benefit of efficiency if Counsel are selected as lead in the other actions filed on April 3.

## CONCLUSION

For the foregoing reasons, Holsworth respectfully requests that the Court: (a) grant his Motion; (b) appoint Holsworth as lead plaintiff; (c) approve Holsworth's selection of RCF and S&G as co- lead counsel; and (d) issue any other relief that the Court deems just and proper.

Dated:      June 8, 2020
            New York, New York

                              Respectfully submitted,


      */s/ Philippe Z. Selendy*              */s/ Kyle W. Roche*
      Philippe Z. Selendy                Kyle W. Roche
      Jordan A. Goldstein                Edward Normand
      Oscar Shine                        Velvel (Devin) Freedman
      Mitchell Nobel                     Richard R. Cipolla
      SELENDY & GAY PLLC                 ROCHE CYRULNIK FREEDMAN LLP
      1290 Sixth Avenue, 17th Floor      99 Park Avenue, 19th Floor
      New York, NY 10104                 New York, NY 10016
      pselendy@selendygay.com            kyle@rcfllp.com
      jgoldstein@selendygay.com          tnormand@rcfllp.com
      oshine@selendygay.com              vel@rcfllp.com
      mnobel@selendygay.com              rcipolla@rcfllp.com