UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM ZHANG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BPROTOCOL FOUNDATION, EYAL HERTZOG, YEHUDA LEVI, GUY BENARTZI, and GALIA BENARTZI,<br><br>Defendants. | Case No. 1:20-cv-02810-AKH<br><br>Honorable Alvin K. Hellerstein |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO SUBSTITUTE PARTIES, CHANGE THE CAPTION,
<u>AND AMEND THE COMPLAINT</u>**

# TABLE OF CONTENTS

**Pages**

PRELIMINARY STATEMENT ....................................................................................................1

BACKGROUND ..............................................................................................................................2

      A.      Factual Background ...............................................................................................2

      B.      Procedural History .................................................................................................3

ARGUMENT ...................................................................................................................................4

I.      LEAVE TO SUBSTITUTE PLAINTIFFS AND AMEND IS FREELY GRANTED. ......................................................................................................................4

II.     LEAVE TO SUBSTITUTE THE PROPOSED PLAINTIFFS AND FILE THE PROPOSED AMENDED COMPLAINT IS PROPER. .......................................................4

      A.      The Proposed Amended Complaint Was Not Delayed............................................4

      B.      The Proposed Amended Complaint Does Not Prejudice Defendants. ....................6

      C.      The Proposed Amended Complaint's Additional Blue Sky Claims Are Not Futile. ........................................................................................................................9

      D.      The Proposed Amended Complaint Is Offered In Good Faith. ............................11

CONCLUSION .............................................................................................................................12

SEPARATELY FILED SUPPORTING DOCUMENTS

1. Proposed Order Granting Leave to Amend to Substitute Parties, Change the Caption, and Amend the Complaint

2. Declaration of Jordan A. Goldstein

    Exhibit 1 - Proposed Amended Complaint dated July 2, 2020

    Exhibit 2 - Redline comparison between Plaintiff's Proposed Amended Complaint and Plaintiff's Initial Complaint

i

## **TABLE OF AUTHORITIES**

**Pages**

**Cases**

*A.V. by Versace, Inc. v. Gianni Versace S.p.A.*,
    87 F. Supp. 2d 281 (S.D.N.Y. 2000).............................................................................. 6, 11

*A.V.E.L.A., Inc. v. Estate of Monroe*,
    34 F. Supp. 3d 311 (S.D.N.Y. 2014) ..................................................................................... 7

*Abbatiello v. Monsanto Co.*,
    571 F. Supp. 2d 548 (S.D.N.Y. 2008)................................................................................ 6, 7

*AEP Energy Servs. Gas Holding Co. v. Bank of Am.*,
    626 F.3d 699 (2d Cir. 2010).................................................................................................. 7

*Agerbrink v. Model Serv. LLC*,
    155 F. Supp. 3d 448 (S.D.N.Y. 2016)...................................................................... 5, 6, 8, 9

*Anderson News, L.L.C. v. Am. Media, Inc.*,
    680 F.3d 162 (2d Cir. 2012) ................................................................................................. 9

*Bensinger v. Denbury Res. Inc.*,
    31 F. Supp. 3d 503 (E.D.N.Y. 2014) .................................................................................... 8

*Berrio v. City of New York*,
    2018 WL 2388537 (S.D.N.Y. May 8, 2019) ...................................................................... 11

*Block v. First Blood Assocs.*,
    988 F.2d 344 (2d Cir. 1993).................................................................................................. 5

*BNP Paribas Mortg. Corp. v. Bank of Am., N.A.*,
    866 F. Supp. 2d 257 (S.D.N.Y. 2012).......................................................................... 4, 5, 7

*Brach Family Found., Inc. v. AXA Equitable Life Ins. Co.*,
    2018 WL 1274238 (S.D.N.Y. Mar. 9, 2018) ................................................................. 9, 11

*Cano v. DPNY, Inc.*,
    287 F.R.D. 251 (S.D.N.Y. 2012) ................................................................................... 9, 10

*Consol. Mgmt. Grp., LLC v. Dep't of Corps.*,
    75 Cal. Rptr. 3d 795 (Cal. Ct. App. 2008)......................................................................... 10

*Contrera v. Langer*,
    314 F. Supp. 3d 562 (S.D.N.Y. 2018).............................................................................. 5, 7

*De Jesus v. Subway IP Inc.*,
    2018 WL 3442888 (S.D.N.Y. July 17, 2018) .................................................................. 7

*DeWan v. Seideman*,
    2017 WL 6048816 (S.D.N.Y. Dec. 5, 2017) .................................................................. 9

*Duling v. Gristede's Operating Corp.*,
    265 F.R.D. 91 (S.D.N.Y. 2010) ............................................................................. 4, 5, 7

*Foman v. Davis*,
    371 U.S. 178, 83 S. Ct. 227 (1962) .................................................................................. 6

*FTD Corp. v. Banker's Tr. Co.*,
    954 F. Supp. 106 (S.D.N.Y. 1997) ................................................................................. 4

*Grace v. Rosenstock*,
    228 F.3d 40 (2d Cir. 2000) ......................................................................................... 5, 6

*Hinds Cty. v. Wachovia Bank N.A.*,
    885 F. Supp. 2d 617 (S.D.N.Y. 2012) ............................................................................ 6

*In re Asacol Antitrust Litig.*,
    907 F.3d 42 (1st Cir. 2018) .......................................................................................... 11

*Langan v. Johnson & Johnson Consumer Cos.*,
    897 F.3d 88 (2d Cir. 2018) .......................................................................................... 11

*Lee v. Regal Cruises, Ltd.*,
    916 F. Supp. 300 (S.D.N.Y. 1996) ................................................................................. 4

*Margel v. E.G.L. Gem Lab Ltd.*,
    2010 WL 445192 (S.D.N.Y. Feb. 8, 2010) ..................................................................... 5

*Nebraska v. Irons*,
    574 N.W.2d 144 (Neb. 1998) ....................................................................................... 10

*Oneida Indian Nation of N.Y. State v. Cty. of Oneida*,
    199 F.R.D. 61 (N.D.N.Y. 2000) .................................................................................... 6

*Pasternack v. Shrader*,
    863 F.3d 162 (2d Cir. 2017) ........................................................................................... 8

*Rachman Bag Co. v. Liberty Mut. Ins. Co.*,
    46 F.3d 230 (2d Cir. 1995) ............................................................................................. 5

*Redding v. Mont. First Judicial Dist. Court*,
    281 P.3d 189 (Mont. 2012) .......................................................................................... 10

*Richardson Greenshields Sec., Inc. v. Lau*,
    825 F.2d 647 (2d Cir. 1987) .................................................................................... 5

*Ruotolo v. City of New York*,
    514 F.3d 184 (2d Cir. 2008) ..................................................................................... 5

*Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc.*,
    748 F.2d 774 (2d Cir. 1984) ..................................................................................... 9

*S.E.C. v. Gonzalez de Castilla*,
    184 F. Supp. 2d 365 (S.D.N.Y. 2002) ................................................................. 5, 8

*S.E.C. v. W.J. Howey Co.*,
    328 U.S. 293, 66 S. Ct. 1100 (1946) ...................................................................... 10

*State Teachers Ret. Bd. v. Fluor Corp.*,
    654 F.2d 843 (2d Cir. 1981) ..................................................................................... 5

**Statutes**

15 U.S.C. § 12(a)(1) ........................................................................................................ 8, 9

15 U.S.C. § 77b .................................................................................................................. 3

15 U.S.C. § 77b(a)(1) ....................................................................................................... 10

15 U.S.C. § 77l(a)(1) .......................................................................................................... 1

15 U.S.C. § 77m ................................................................................................................. 8

15 U.S.C. § 77o .................................................................................................................. 1

15 U.S.C. § 77z-1(b) .......................................................................................................... 7

Cal. Corp. Code § 25019 .................................................................................................. 10

Cal. Corp. Code § 25503 .................................................................................................. 10

Cal. Corp. Code § 25504 .................................................................................................. 10

Cal. Corp. Code § 25507(a) ............................................................................................... 9

Conn. Gen. Stat. § 36b-29(f) .............................................................................................. 9

Fla. Stat. § 95.11(4)(e) ....................................................................................................... 9

Mont. Code § 30-10-103(24) ........................................................................................... 10

Mont. Code § 30-10-307(5)(a) ........................................................................................... 9


N.J. Stat. Ann. § 49:3-71 .................................................................................................... 1, 3

N.M. Stat. Ann. § 58-13C-509 ............................................................................................. 10

N.M. Stat. Ann. § 58-13C-509(J) ........................................................................................... 9

Neb. Rev. Stat. § 8-1101(15) ................................................................................................ 10

Neb. Rev. Stat. § 8-1118(4) .................................................................................................... 8

S.C. Code § 35-1-509(j)(1) ..................................................................................................... 8

Tex. Rev. Civ. Stat. art. 581-33 .............................................................................................. 1

Va. Code Ann. § 13.1-522 .................................................................................................... 10

Va. Code Ann. § 13.1-522(D) ................................................................................................. 9

Wash. Rev. Code § 21.20.430(4)(b) ....................................................................................... 8

**Rules**

Fed. R. Civ. P. 12(b)(6) ........................................................................................................... 9

Fed. R. Civ. P. 15(a) ................................................................................................................ 4

Fed. R. Civ. P. 15(a)(2) ........................................................................................................... 1

Fed. R. Civ. P. 21 .................................................................................................................... 1

**Other Authorities**

SEC, *Framework for "Investment Contract" Analysis of Digital Assets* (Apr. 3, 2019),
    https://bit.ly/2C4uCNE ..................................................................................................... 3

Plaintiff William Zhang ("Plaintiff") respectfully submits this memorandum of law in support of his motion, pursuant to Rules 15(a)(2) and 21 of the Federal Rules of Civil Procedure, for leave to substitute Timothy C. Holsworth (the "Proposed Plaintiff") as plaintiff in this Action, to remove Zhang as a plaintiff, and to file the Proposed Amended Complaint (the "PAC")[1] as an amendment to the Complaint (the "Complaint") filed on April 3, 2020 against BProtocol Foundation ("Bancor") and Eyal Hertzog, Yehuda Levi, Guy Benartzi, and Galia Benartzi (the "Individual Defendants," and together with Bancor, "Defendants").

## PRELIMINARY STATEMENT

This is a securities class action seeking to recover damages caused by Defendants' sales of Bancor Network Tokens ("BNT"), which are unregistered securities.

On April 3, 2020, Plaintiff filed the Complaint on behalf of a class (the "Class") of investors who purchased BNT between June 12, 2017 and the present (the "Class Period"), alleging that Defendants' unregistered sales of BNT violated the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§ 77*l*(a)(1), 77*o*; and the New Jersey Blue Sky law, N.J. Stat. Ann. § 49:3-71. Since filing the Complaint, Plaintiff's counsel have continued their investigation into unregistered sales of BNT, identified additional investors from across the country who were harmed by Defendants' unlawful conduct, and drafted further causes of action likely to enhance recovery by the Class. The Proposed Plaintiff is among that group, and Plaintiff now moves for leave to substitute him as a party to this Action, to file the PAC—which alleges claims arising from Defendants' unregistered sales of BNT under 34 additional Blue Sky laws—and to amend the caption.

---

[1] The PAC is attached as Exhibit 1 to the Declaration of Jordan A. Goldstein in Support of Plaintiff's Motion for Leave to Substitute Parties, Change Caption, and Amend the Complaint, dated July 2, 2020.

## BACKGROUND

A.    **Factual Background**

Bancor is a blockchain-focused software development company that is currently developing and promoting the Bancor blockchain protocol, and is the issuer of BNT. PAC ¶ 15. Eyal Hertzog, Guy Benartzi, and Galia Benartzi are co-founders of Bancor, and Yehuda Levi is Bancor's Chief Technology Officer. *Id.* ¶¶ 14–18.

Since at least June 12, 2017, Defendants have promoted, offered, and sold an unregistered security known as BNT, a form of digital asset marketed to investors. *Id.* ¶¶ 1, 52–61. Defendants issued a "whitepaper" to investors that described in highly technical terms the supposed utility to which BNT would be placed. *Id.* ¶¶ 5, 53. Bancor and its promoters made numerous statements, including in documents distributed to investors, that would have led investors to conclude that BNT were not being offered as securities and omitted from the "whitepaper" many disclosures that securities laws and the U.S. Securities and Exchange Commission (the "SEC") have long deemed essential to investor protections in initial public offerings. *Id.* ¶¶ 62–64.

In 2017, Defendants created nearly 80 million BNT and raised $153 million by selling them off to the public beginning on June 12, 2017 (the "Offering Period") in an initial coin offering ("ICO"). *Id.*¶57.  Defendants also retained 10 percent of the newly created tokens to further profit from BNT's anticipated appreciation. *Id.* ¶¶ 54-56. During and after the Offering Period, BNT were listed, promoted, and sold on various crypto-asset exchanges. *Id.* ¶ 51.

Plaintiff, the Proposed Plaintiff, and members of the Class purchased BNT during and after the Offering Period. *Id.* ¶¶ 102–104. Their BNT are today worth a fraction of the prices they paid. *Id.* ¶ 100.

Although Defendants described BNT as something other than securities, the tokens were in fact securities. This was not clear to a reasonable investor at purchase, however, and would not

have been reasonably apparent until, at the earliest, April 3, 2019, when the SEC released a detailed "Framework" to analyze digital assets, indicating that digital tokens, such as BNT, are "investment contracts" and therefore securities under Section 2 of the Securities Act, 15 U.S.C. § 77b. PAC ¶¶ 65–72; *see* SEC, *Framework for "Investment Contract" Analysis of Digital Assets* ("*Framework*") (Apr. 3, 2019), https://bit.ly/2C4uCNE.

Defendants have never registered BNT as required under Section 5 of the Securities Act or its state law analogues. *Id.* ¶¶ 1, 6, 8. Accordingly, Defendants are liable to Plaintiff, the Proposed Plaintiff, and the Class, all of whom purchased the unregistered BNT during the Class Period. *Id.* ¶¶ 102–04.

B. **Procedural History**

On April 3, 2020, Plaintiff, on behalf of the Class of BNT investors, filed this Action against Defendants. (ECF No. 1.) Plaintiff's Complaint, which states claims under the Securities Act and the New Jersey Blue Sky law, N.J. Stat. Ann. § 49:3-71, was the first to assert the claims described therein.

Pursuant to a stipulation, so-ordered by the Court on June 29, 2020, ECF No. 30, counsel for Bancor waived service. Service is currently underway in Israel for the four Individual Defendants.

Plaintiff now moves, pursuant to Rules 15(a)(2) and 21 of the Federal Rules of Civil Procedure, for leave to substitute the Proposed Plaintiff as plaintiff in this Action, to file the PAC as an amendment to the Complaint, and to update the caption accordingly. The PAC does not allege new facts about Defendants. Rather, it asserts further claims under the Blue Sky laws of 34 additional States and Territories, all of which arise from the exact same conduct put at issue in the Complaint. The PAC is not intended as a consolidated class action complaint (which will include all of the claims that the Court-appointed lead counsel has by that time deemed appropriate to bring

on behalf of the Class), but rather as an amended complaint that Plaintiff seeks leave to file now, before the Court resolves the Lead Plaintiff Motion, in order to address certain statute of limitation arguments Defendants are likely to assert.

## ARGUMENT

I. **LEAVE TO SUBSTITUTE PLAINTIFFS AND AMEND IS FREELY GRANTED.**

Motions for leave to substitute plaintiffs and to amend a pleading are governed by "the same standard of liberality." *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 96–97 (S.D.N.Y. 2010) (Pitman, M.J.) (quoting *FTD Corp. v. Banker's Tr. Co.*, 954 F. Supp. 106, 109 (S.D.N.Y. 1997) (Stein, J.)). "Leave … should be freely granted when justice so requires," *id.* at 96 (citing, *inter alia*, Fed. R. Civ. P. 15(a)), and denied only if (1) the amendment and substitution of plaintiffs was unduly delayed, (2) the amendment and substitution of plaintiffs would unduly prejudice the opposing party, (3) the amendment and substitution of plaintiffs "would be futile," or (4) the amendment and substitution of plaintiffs are "sought for dilatory purposes or … made in bad faith," *id.* (quoting *Lee v. Regal Cruises, Ltd.*, 916 F. Supp. 300, 303 (S.D.N.Y. 1996) (Kaplan, J.)). A court may also consider "the length of the delay, the judicial and party resources that have been expended, and any tactical behavior evident in the plaintiff's request for leave to amend." *BNP Paribas Mortg. Corp. v. Bank of Am., N.A.*, 866 F. Supp. 2d 257, 263 (S.D.N.Y. 2012) (Sweet, J.).

II. **LEAVE TO SUBSTITUTE THE PROPOSED PLAINTIFF AND FILE THE PROPOSED AMENDED COMPLAINT IS PROPER.**

Here, each factor weighs heavily in favor of granting Plaintiff's instant motion for leave.

### A. The Proposed Amended Complaint Was Not Delayed.

"[A]bsent a showing of bad faith or undue prejudice," delay in offering an amended pleading or substituting parties is not "a basis for the district court to deny the right to amend."

4

*Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)). A motion to amend or substitute parties should be denied on grounds of delay only if the movant waited an "inordinate" amount of time to seek leave, the movant's delay lacks "satisfactory explanation," "and the amendment would prejudice other parties." *Grace v. Rosenstock*, 228 F.3d 40, 53–54 (2d Cir. 2000) (internal quotation marks omitted).

Courts have granted motions to amend and to substitute parties filed after significantly prolonged delays, including delays that lasted *years*. *See, e.g.*, *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 235 (2d Cir. 1995) (four-year delay); *Block v. First Blood Assocs.*, 988 F.2d 344, 350–51 (2d Cir. 1993) (four-year delay); *Contrera v. Langer*, 314 F. Supp. 3d 562, 575 (S.D.N.Y. 2018) (Gorenstein, M.J.) (two-year delay); *BNP Paribas*, 866 F. Supp. 2d at 263 (six-month delay); *Duling*, 265 F.R.D. at 97 (two-and-a-half-year delay); *Margel v. E.G.L. Gem Lab Ltd.*, 2010 WL 445192, at *10 (S.D.N.Y. Feb. 8, 2010) (Pittman, M.J.) (six-month delay); *S.E.C. v. Gonzalez de Castilla*, 184 F. Supp. 2d 365, 383 (S.D.N.Y. 2002) (Sweet, J.) (three-and-a-half-month delay); *see also Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987) (collecting cases that approved amendments after multi-year delays); *Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 453 (S.D.N.Y. 2016) (Francis, M.J.) (collecting cases that approved amendments after significant delays).

Plaintiff has filed the instant motion for leave less than three *months* after this Action was commenced for an eminently legitimate purpose. Plaintiff's counsel have been engaged in an extensive investigation into the staggering, widespread violations of federal and state securities law by Defendants and other sellers of digital tokens. This investigation has included speaking with dozens of crypto-asset experts and industry insiders to understand the unique mechanics of

5

Defendants' unregistered offering and retaining experts to assist with data analysis. This investigation reached its initial apex on April 3, 2020, when Plaintiff's counsel filed eleven ICO-related putative class actions, including the Action at bar.

But counsel's investigation did not stop there. Since April, many digital token investors injured by Defendants' misconduct, including the Proposed Plaintiff, have reached out to Plaintiff's counsel seeking to join this litigation. The PAC is the result of that ongoing investigation. It substitutes the Proposed Plaintiff and adds additional Blue Sky claims to reflect the nationwide scale of Defendants' misconduct. *See Hinds Cty. v. Wachovia Bank N.A.*, 885 F. Supp. 2d 617, 632 (S.D.N.Y. 2012) (Marrero, J.) (counsel's ongoing efforts to gather information was a "good reason" to amend putative class action complaint); *Abbatiello v. Monsanto Co.*, 571 F. Supp. 2d 548, 552–53 (S.D.N.Y. 2008) (Marrero, J.) (same). Here, there has been no "inordinate delay," and there is a more than "satisfactory explanation" for why this motion is being filed now. *See Grace*, 228 F.3d at 53.

### B.     The Proposed Amended Complaint Does Not Prejudice Defendants.

Evaluating prejudice on a motion to amend and to substitute parties "involves a balancing process, weighing any potential prejudice to the opposing party against the prejudice that the moving party would experience if the amendment were denied." *Agerbrink*, 155 F. Supp. 3d at 454 (internal quotation marks omitted) (quoting *Oneida Indian Nation of N.Y. State v. Cty. of Oneida*, 199 F.R.D. 61, 77 (N.D.N.Y. 2000)). "[P]rejudice alone is insufficient to justify a denial of leave to amend; rather, the necessary showing is '*undue* prejudice to the opposing party.'" *A.V. by Versace, Inc. v. Gianni Versace S.p.A.*, 87 F. Supp. 2d 281, 299 (S.D.N.Y. 2000) (Leisure, J.) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)).

"An amendment may be deemed prejudicial when, among other things, it would require the opposing party to 'expend significant additional resources to conduct discovery and prepare

6

for trial or significantly delay resolution of the dispute.'" *BNP Paribas*, 866 F. Supp. 2d at 273 (quoting *AEP Energy Servs. Gas Holding Co. v. Bank of Am.*, 626 F.3d 699, 725–26 (2d Cir. 2010)). Amendments that merely add or change legal theories but arise from essentially the same facts as the original pleading, for example, are generally not unduly prejudicial. *Id.* at 274. Even amendments filed in the middle of discovery that would require limited additional depositions or document productions may be appropriate. *See, e.g.*, *De Jesus v. Subway IP Inc.*, 2018 WL 3442888, at *3 (S.D.N.Y. July 17, 2018) (Broderick, J.) (argument that "amendment will necessitate further discovery, including retaking the deposition and/or seeking additional vehicles of discovery of Plaintiff" did "not justify denying leave to amend"); *Contrera*, 314 F. Supp. 3d at 575–76 (same); *A.V.E.L.A., Inc. v. Estate of Monroe*, 34 F. Supp. 3d 311, 317 (S.D.N.Y. 2014) (Francis, M.J.) (same); *Abbatiello*, 571 F. Supp. 2d at 553 (same); *see also Duling*, 265 F.R.D. at 101 (amendments that would require "motion[s] to be re-briefed, or … new motion[s] to be submitted" may be filed).

The PAC does not prejudice Defendants at all. The merits phase of this Action is months away. Discovery, which is stayed pending the resolution of any motion to dismiss by operation of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77z-1(b), has not begun. The Court has not yet entered a case management order governing discovery. Only one Defendant—Bancor—has appeared.

The PAC is also substantially less disruptive than proposed amended complaints courts have previously accepted, as it seeks only to add claims deriving from the same facts and circumstances alleged in the Complaint. *See BNP Paribas*, 866 F. Supp. 2d at 274. Permitting Plaintiff to file the PAC at this nascent stage of litigation will not prejudice any party, cause any party to retrace its steps in discovery, or require re-argument of issues already decided. *See, e.g.*,

7

*Gonzalez de Castilla*, 184 F. Supp. 2d at 383 (granting motion to amend filed "before any scheduling conference or scheduling order, and before four of the nine defendants had even answered the original complaint").

Proposed Plaintiff and the Class face a prospect of significant prejudice if the PAC were denied. *See Agerbrink*, 155 F. Supp. 3d at 454. Plaintiff's claims under the Securities Act are timely because this action was commenced within "three years after [BNT] was bona fide offered to the public," and within "one year" after a reasonable investor would have had notice that the BNT tokens were securities, 15 U.S.C. § 77m, based upon the April 3, 2019 release of the SEC's "Framework." *See* PAC ¶¶ 63–69. Even so, Plaintiff anticipate that Defendants may argue that Plaintiff's claims under Section 12(a)(1) of the Securities Act accrued earlier than April 3, 2019. The proposed Blue Sky claims that would be alleged through the PAC are directly responsive to these anticipated arguments, as the additional Blue Sky claims in the PAC each provides for statutes of limitations that equal or exceed those provided for under federal law, and therefore will enhance the prospect of recovery by the Class. *See, e.g.*, Neb. Rev. Stat. § 8-1118(4) ("No person may sue under this section more than three years after the contract of sale …."); S.C. Code § 35-1-509(j)(1) (same); Wash. Rev. Code Ann. § 21.20.430(4)(b) (same). The additional Blue Sky claims pleaded in the PAC that provide for three-year statutes of limitations (or longer) will protect the vast majority of transactions that occurred during the Offering Period. *See Pasternack v. Shrader*, 863 F.3d 162, 175 (2d Cir. 2017) (amended complaint deemed filed for repose purposes when motion to amend is filed); *Bensinger v. Denbury Res. Inc.*, 31 F. Supp. 3d 503, 508–09 (E.D.N.Y. 2014) (Gleeson, J.) (amended complaint deemed filed for limitations purposes when motion to amend is filed).

Many of the PAC's Blue Sky claims offer further advantages for the Class over Section 12(a)(1) of the Securities Act. For example, several of the Blue Sky laws pleaded in the PAC provide for two-year limitation periods (which exceeds the notice period under federal law), *e.g.*, Conn. Gen. Stat. Ann. § 36b-29(f); Mont. Code § 30-10-307(5)(a); Va. Code Ann. § 13.1-522(D), and others expressly provide for limitations periods triggered only by notice, *e.g.*, Cal. Corp. Code § 25507(a); Fla. Stat. § 95.11(4)(e); N.M. Stat. Ann. § 58-13C-509(J). While Plaintiff is confident that *all* their claims are timely, adding further Blue Sky claims that are not subject to timeliness arguments is in the best interest of the Class. The prejudice "balancing," *Agerbrink*, 155 F. Supp. 3d at 454, therefore tips decidedly in favor of accepting the PAC and substituting the Proposed Plaintiff as a party now.

### C. The Proposed Amended Complaint's Additional Blue Sky Claims Are Not Futile.

"The party opposing a motion to amend bears the burden of establishing that amendment would be futile." *Brach Family Found., Inc. v. AXA Equitable Life Ins. Co.*, 2018 WL 1274238, at *1 (S.D.N.Y. Mar. 9, 2018) (Furman, J.). "To overcome objections of futility, the moving party must merely show that it has 'at least colorable grounds for relief.'" *Cano v. DPNY, Inc.*, 287 F.R.D. 251, 256 (S.D.N.Y. 2012) (quoting *Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc.*, 748 F.2d 774, 783 (2d Cir. 1984)). Courts generally "will not deny leave to amend based on futility unless the proposed amendment is clearly frivolous or legally insufficient." *DeWan v. Seideman*, 2017 WL 6048816, at *3 (S.D.N.Y. Dec. 5, 2017) (Ramos, J.). "An amendment is not 'futile' if it could withstand a motion to dismiss under Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Brach Family*, 2018 WL 1274238, at *1 (citing *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012)).

The PAC's additional Blue Sky claims clear the "colorable grounds for relief" bar by a wide margin. *Cano*, 287 F.R.D. at 256. The Blue Sky laws cited in the PAC prohibit the sale of unregistered securities and provide for civil liability to injured purchasers. *See, e.g.*, Cal. Corp. Code §§ 25503, 25504; N.M. Stat. Ann. § 58-13C-509; Va. Code Ann. § 13.1-522. Each defines a security to include an investment of "money in a common enterprise with the expectation that [the investor will] earn a profit solely through the efforts of the promoter or of someone other than themselves." *S.E.C. v. W.J. Howey Co.*, 328 U.S. 293, 298, 66 S. Ct. 1100, 1103 (1946); *see also Redding v. Mont. First Judicial Dist. Court*, 281 P.3d 189, 199 (Mont. 2012) (applying a more easily satisfied version of *Howey* test to Montana Blue Sky statute); *Nebraska v. Irons*, 574 N.W.2d 144, 150 (Neb. 1998) (same *vis-à-vis* Nebraska Blue Sky statute); *Consol. Mgmt. Grp., LLC v. Dep't of Corps.*, 75 Cal. Rptr. 3d 795, 805 (Cal. Ct. App. 2008) (same *vis-à-vis* California Blue Sky statute).

The PAC alleges that Defendants sold BNT tokens without registering them as securities, PAC ¶¶ 6, 8 and that BNT tokens are in fact securities under Section 2(a)(1) of the Securities Act and the applicable Blue Sky laws, *id.* ¶¶ 72–99; *see, e.g.*, 15 U.S.C. § 77b(a)(1); Cal. Corp. Code § 25019; Mont. Code § 30-10-103(24); Neb. Rev. Stat. § 8-1101(15). As support for their contention that BNT tokens are securities, the Proposed Plaintiff alleges that BNT investors and Bancor were engaged in a common enterprise, as each investor's profits were tied to those of Bancor, *id.* ¶ 77; that Bancor was responsible for supporting BNT, *id.*; and that Bancor described the sale of any tokens on the BNT network as benefiting all investors holding BNT in reserve, *id.* ¶¶ 78–79. The PAC also alleges that BNT investors had a reasonable expectation of profits, *id.* ¶¶ 80–85; BNT were expected to rise in value, *id.* ¶ 85; and BNT were expected to yield profits

derived primarily from Bancor's managerial efforts, *id.* ¶¶ 86–96. The SEC, moreover, has already concluded that other digital tokens similar to BNT are securities. *Id.* ¶¶ 97–98.

The Proposed Plaintiff has standing to bring claims on behalf of absent members of the Class under those Class members' Blue Sky laws, which all "generally prohibit the same conduct" as those directly applicable to the federal claim. *Langan v. Johnson & Johnson Consumer Cos.*, 897 F.3d 88, 95 (2d Cir. 2018); *see also In re Asacol Antitrust Litig.*, 907 F.3d 42, 50 (1st Cir. 2018) (following *Langan*).

In any event, it is unnecessary at this early stage to litigate fully the substantive merits of the PAC's claims. The merits of the PAC's claims can be addressed in full through briefing and argument on a motion to dismiss, not in the context of this limited request for leave to amend. *See, e.g.*, *Brach Family*, 2018 WL 1274238, at *1 (futility not grounds to deny amendment when the merits arguments would "be addressed … in due course" on a motion for reconsideration of an order of dismissal); *A.V. by Versace*, 87 F. Supp. 2d at 299 ("Any deficiencies in the pleadings can best be considered in the context of a motion for summary judgment."). There is therefore no basis to disallow the PAC on futility grounds.

### D.  The Proposed Amended Complaint Is Offered In Good Faith.

Finally, Plaintiff moves in good faith to substitute the Proposed Plaintiff and file the PAC. *See, e.g., Berrio v. City of New York*, 2018 WL 2388537, at *8 (S.D.N.Y. May 8, 2019) (Lehrburger, M.J.) (motion to amend granted where defendant failed to establish bad faith). The PAC's Blue Sky claims will be in their strongest position if this motion is granted, as that will obviate certain arguments that Defendants are likely to advance regarding the potential expiration of limitation periods.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his motion for leave to substitute the Proposed Plaintiff as a party to this Action, to accept the PAC for filing as an amended complaint, and to update the caption.

Dated: New York, NY
July 2, 2020

Respectfully submitted,

/s/ Philippe Z. Selendy
Philippe Z. Selendy
Jordan A. Goldstein
Oscar Shine
Mitchell Nobel
SELENDY & GAY PLLC
1290 Sixth Avenue, 17th Floor
New York, NY 10104
pselendy@selendygay.com
jgoldstein@selendygay.com
oshine@selendygay.com
mnobel@selendygay.com

/s/ Kyle W. Roche
Kyle W. Roche
Edward Normand
Velvel (Devin) Freedman (admitted *pro hac vice*)
Richard R. Cipolla
ROCHE CYRULNIK
  FREEDMAN LLP
99 Park Avenue, 19th Floor
New York, NY 10016
kyle@rcfllp.com
tnormand@rcfllp.com
vel@rcfllp.com
rcipolla@rcfllp.com

*Attorneys for Plaintiff*