```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
                                                                :
TIMOTHY C. HOLSWORTH, individually and on                       :
behalf of all others similarly situated,                        :    **ORDER GRANTING MOTION**
                                                                :    **TO DISMISS**
                                             Plaintiff,         :
      -against-                                                 :    20 Civ. 2810 (AKH)
                                                                :
BPROTOCOL FOUNDATION, et al.,                                   :
                                                                :
                                             Defendants.        :
                                                                :
--------------------------------------------------------------- X
```

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Before me is Defendants' motion to dismiss for lack of personal jurisdiction, lack of Article III standing; forum non conveniens, and failure to state a claim upon which relief could be granted. ECF No. 55. For the reasons that follow, Defendant's motion to dismiss is granted.

      The facts as alleged in the complaint are as follows. Defendant BProtocol Foundation ("Bancor") is a blockchain-focused foundation, organized under the law of Switzerland, with offices in Zug, Switzerland, and Tel Aviv, Israel. Bancor is the issuer of BNT, a cryptocurrency token. Second Am. Compl. ("SAC") ¶ 17, ECF No. 50. Defendants Eyal Hertzog, Guy Benartzi, and Galia Benartzi are the co-founders of Bancor, and Defendant Yehuda Levi is Bancor's Chief Technology Officer. *Id.* ¶¶ 18-21. The individual defendants are all citizens of Israel. *Id.*

      The case was filed by William Zhang on behalf of a class on April 3, 2020. Zhang withdrew, and the present plaintiff, Timothy C. Holsworth, was substituted, on August 20, 2020, and filed a Second Amended Complaint on September 11, 2020. Holsworth alleges that he purchased 587 BNT digital coins on September 4, 2019, from Wisconsin, on COSS, a digital exchange in Singapore, for an aggregate cost of $212.50. SAC ¶ 16, Ex. A, ECF No. 50.

1

Bancor issued its "initial coin offering" ("ICO") of BNT on June 12, 2017, *id.* ¶¶ 51, 61, generating approximately $153 million. *Id.* ¶ 51. Plaintiff alleges that Bancor solicited individuals to purchase BNT on secondary market exchanges. *Id.* 59-71. They argue that Defendants "continuous[ly] and systematic[ally] market[ed] the BNT tokens", including by publishing information "designed to make BNT tokens appear to be favorable investments." *Id.* ¶ 69. Plaintiff alleges that Bancor and its promoters "made numerous false statements and omissions that led reasonable investors to conclude that the BNT tokens were not securities." *Id.* ¶ 72. However, based on recent enforcement actions, Plaintiff argues that BNT is a security. *See id.* ¶ 113. As a result of Defendant's issuance, promotion, and sale of unregistered securities, Plaintiff claims that he has suffered damages and seeks rescission of his purchase of BNT. *Id.* ¶¶ 121-22.

The SAC spans 193 pages including exhibits, and 1011 paragraphs of allegations. It alleges one hundred and two claims for relief against the defendants, of which one hundred are state blue-sky claims. Two claims are federal, brought under Sections 5 and 12(a)(1) of the Securities Act of 1933, 15 USC §§ 77e, 77l(a)(1), 77o. Plaintiff alleges, to make these claims, Bancor's unregistered offer and sale of securities, and control person liability of Bancor's principals, the individual defendants. Subject matter jurisdiction is alleged on the basis of the PSLRA, 28 U.S.C.1332(d)(2), the federal claims under the Securities Act, 28 U.S.C. §1331, and supplemental jurisdiction, 28 U.S.C. § 1367.

Defendants' move to dismiss on several grounds: (1) Plaintiff lacks standing because he has not plausibly alleged that the digital coins he purchased have declined in value, (2) Plaintiff has not plausibly alleged that the coins he purchased were purchased from Bancor or in connection with Bancor's Initial Coin Offering of June 12, 2017, (3) Plaintiff failed to state a

claim upon which relief can be granted, (4) the Court lacks personal or specific jurisdiction over the Defendants, and (5) the case should be dismissed because of forum non conveniens.

**Standing**.  Article III requires that, "(1) the plaintiff must have suffered an injury-in-fact; (2) there must be a causal connection between the injury and the conduct at issue; and (3) the injury must be likely to be redressed by a favorable decision." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992); *Cooper v. U.S. Postal Serv.,* 577 F.3d 479, 489 (2d Cir. 2009). Plaintiff has not shown a diminution in value of the coins he purchased for $212.50.

Plaintiff has not plausibly alleged any injury-in-fact.  The SAC alleges is silent on the point of injury, and a Declaration of Plaintiff's lawyer, attaching an undated "certificate" signed by Plaintiff, which, in turn, attaches an excerpt from some other document and is without signature or date, does not repair the inadequacy.  The excerpt shows only that plaintiff purchased 587 digital coins for a total price of $212.50 on September 4, 2019 and, as of some unspecified date, has not sold those coins.  Roche Decl., June 8, 2020, Exs. A, D, ECF No. 23-1, 4.  Without real-world, up to date, allegations in the complaint, plaintiff's claim for rescission is without a foundation in fact or law.  *See Harbus v Mahattan Ins.,* 2020 WL 1990866 at *7 (S.D.N.Y. 2020) (explaining that a plaintiff may not amend a complaint by making new allegations in an opposition to a motion to dismiss).  In the absence of plausible allegations of injury, or causal connection of the injury to Bancor's offering two years earlier, or redress by an appropriate remedy, Plaintiff lacks standing and his complaint should be dismissed.

**Personal Jurisdiction.**  Plaintiff alleges that specific jurisdiction exists because Defendants "repeatedly touted Bancor and solicited sales of BNT Tokens at conferences of crypto-currency enthusiasts across the United States--including New York."  SAC ¶ 27.  They also allege that Bancor communicated through social media that its service provider "has added

support for most #USA states!  Buy $ETH with $fiat now directly through your Bancor #Wallet." *Id*.   In other words, if you hold BNT digital coins, you can trade them for other cryptocurrencies.

      Defendant's counsel offers his Declaration to add to the story, attaching exhibits of numerous screenshots of appearances and communications world-wide: New York, Singapore, and Berlin, for example, web sites on the internet, arrangements with Google.  Roche Decl. Nov. 2, 2020, Ex. 6, ECF No. 58-6.  These promotional activities, touting the company's digital activities are insufficient to support personal jurisdiction over citizens of another country.  There are no allegations of misrepresentations or other wrongs of any of the defendants that caused plaintiff, or anyone else, to purchase digital coins.   Specific jurisdiction requires a causal relationship between the wrong and the damage caused by the wrong.  *See Absolute Activist Master Value Fund, Ltd. v. Ficeto,* No. 09 CIV. 8862 GBD, 2013 WL 1286170, at *12 (S.D.N.Y. 2013) (no jurisdiction where plaintiffs' injury was not proximately caused by marketing trips targeting other investors); *Chew v. Dietrich*, 143 F.3d 24, 29 (2d Cir. 1998) (explaining that "[w]here the defendant has had only limited contacts with the state it may be appropriate to say that he will be subject to suit in that state only if the plaintiffs injury was proximately caused by those contacts.").  I hold that I lack personal jurisdiction over Defendants.

      Plaintiff requests leave to amend his complaint and to lift the PSLRA's stay of discovery to permit jurisdictional discovery, including interrogatories or deposition testimony, to establish BNT token sales or usage with the United States and the source of that knowledge.  Roche Decl. 4.  There is no basis for such a fishing expedition.  *See Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 255 (2d Cir. 2007) ("a federal court may deny jurisdictional discovery where the plaintiff has failed to make out a "prima facie case for jurisdiction"); *Eastman Kodak Co. v. Asia Optical*

4

*Co.*, No. 11 CIV. 6036 DLC, 2012 WL 2148198, at *6 (S.D.N.Y. June 13, 2012) ("plaintiffs are not entitled to jurisdictional discovery as a matter of course").  The discovery request contradicts the purpose of personal jurisdiction, not to subject foreigners to the burden of court proceedings in a jurisdiction where there is neither general or specific jurisdiction, *see World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291–292 (1980), or even proper standing by the plaintiff.

**Forum non Conveniens and Other Infirmities.**  Even if jurisdiction existed, Plaintiff's pleadings suffer from other infirmities.  Plaintiff's claim for relief under the Securities Act claims require Defendants to plausibly show a connection between the offering of sale, or the sale, and the purchase, giving rise to damages.  A section 12 claim requires privity with a statutory seller or solicitation to purchase securities.  *See Pinter v. Dahl*, 486 U.S. 622, 644-647, 650-51 (1988).  No privity between Plaintiff and Defendant is shown, nor has Plaintiff shown that he was directly contacted by Defendants or that he purchased securities as a result of any active solicitations by Defendants.  *See Griffin v. PaineWebber, Inc*., No. 99 CIV. 2292 (VM), 2001 WL 740764, at *2 (S.D.N.Y. 2001) ("[Plaintiff] must allege not only that [Defendant] actively solicited investors with respect to this transaction but that he purchased securities as a result of [the] solicitation"); *Capri v. Murphy*, 856 F.2d 473, 478–79 (2d Cir. 1988) (stating that plaintiffs must show that a particular defendant actually solicited their investment).  The federal securities laws do not reach a purchase and sale outside the United States.  *Morrison v. Nat'l Australia Bank Ltd*., 561 U.S. 247, 266 (2010) (applying federal securities law to "transactions in securities listed on domestic exchanges").  The "Blue Sky" claims must show some connection between the security and the regulatory reach of the state agency, and none is alleged.  The one-year statute of limitations under sections 13 and 77m, which applies to sections 5 and section 12

violations, cannot be satisfied.  *See* 15 U.S.C. § 77m.  Plaintiff's efforts to stretch the period by alleging concealment fails because no active acts of concealment have been pleaded.  Allegations that one or more of Bancor's principals made public statements to the effect that the digital coins were not securities, in the absence of some form of fiduciary relationship with the plaintiff, does not toll the statute of limitations.

Plaintiff replies that the only other potential forum, Israel, is no longer convenient because Bancor is no longer doing business there, but this contradicts its allegations in the complaint, SAC ¶ 17, and fails to consider that Bancor is doing business through its Israeli principals.  Wherever the current business location of Bancor, New York is not a reasonable and convenient place to conduct this litigation.

For all these reasons, defendants' motion is granted.  The oral argument, currently scheduled for March 4, 2021, is cancelled.  The Clerk shall terminate civil action 20-cv-2810, open motion ECF No. 55, and enter judgment in favor of defendants, dismissing the complaint and taxing costs.  Plaintiffs' offer to re-plead is denied.

SO ORDERED.

Dated: February 22, 2021 /s/
New York, New York ALVIN K. HELLERSTEIN
United States District Judge